GAIDRY, J.
 

 |2In this case, a prisoner appeals a judgment of the Nineteenth Judicial District Court dismissing his petition for judicial review of his parole revocation. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Prisoner, Timothy Holland, filed a petition for judicial review of the Louisiana Parole Board’s (Parole Board) decision revoking his parole. The trial court rendered judgment dismissing his petition for judicial review with prejudice and affirming the revocation decision. Holland appealed, arguing that the trial court erred in dismissing his petition for judicial review because he did not receive an adequate parole revocation hearing and because the parole violations charged are “not correct.”
 

 With regard to the parole revocation hearing, Holland argues that the hearing was inadequate because he was not allowed to address all of the parole violations and to present an affidavit from an ex-girlfriend stating that the marijuana found in his possession was actually hers. However, a review of the audio recording of the hearing reveals that Holland was given the opportunity to address each of the violations and that he never mentioned an affidavit from an ex-girlfriend. Moreover, the affidavit was meaningless since Holland pled guilty to the violation the affidavit concerned,
 
 i.e.,
 
 possession of marijuana. Finally, Holland did not mention these issues in his petition for judicial review, and the trial court is limited in its review of the Parole Board’s decision to those issues raised in the petition. La. R.S. 15:574.11(0).
 

 Holland also argues that the allegation that he failed to pay his parole supervision fees was not correct, and therefore the court erred in dismissing his petition for judicial review. This issue was not raised in Holland’s |2petition for judicial review, and was therefore not reviewed by the trial court. La. R.S. 15:574.11(0). Nevertheless, a review of the recording of the parole revocation hearing reveals that Holland did in fact fail to pay his supervision fees while out on parole, but he pled not guilty to the allegation at his hearing because he planned to have the fees taken out of his income tax refund. Regardless of the issue of his failure to pay parole supervision fees, the Parole Board members made it clear that they were revoking his parole due to his criminal activity while on parole, evidenced by his plea of guilty to a marijuana possession charge. This assignment of error is without merit.
 

 DECREE
 

 The trial court judgment dismissing Timothy Holland’s petition for judicial review with prejudice is affirmed. Costs of this appeal are to be borne by appellant, Timothy Holland.
 

 AFFIRMED.